ROBERTSON, Justice:
The appellant, Columbus “Peter” Martin, was indicted for murder in the Circuit Court of Monroe County, Mississippi. The jury returned a verdict of guilty of manslaughter and asked “for mercy of the court.” The court sentenced the appellant *133 to fifteen years in the State penitentiary, with ten years suspended indefinitely.
The only assignment of error was that the court erred in permitting Officer Russell Newman to testify as to statements made by Leroy Young as he stood over the appellant, the appellant contending that he was unconscious at the time.
Officer Newman testified on direct examination :
“Leroy Young was standing over Columbus Martin, in the room there, crying and taking on and hollering that Columbus had shot his wife, and he had a pistol in his hand and he handed the gun to me, and said that Columbus bad shot his wife, and that he ought to kill him.”
Leroy Young had already testified that he had seen the appellant shoot his wife, Arie Lou Young, with a pistol and that he, Leroy, had taken the pistol away from the appellant and had hit him with it, knocking him to the floor.
On cross-examination Officer Newman was asked if “Peter” Martin was not unconscious at the time Officer Newman took the pistol from Leroy Young. Officer Newman answered that Martin was groaning and trying to get up off of the floor, and that he obeyed Officer Newman to lie down until the ambulance arrived. On redirect examination, Officer Newman expressed the opinion that the appellant was drunk.
Be that as it may, Officer Newman’s testimony as to what Leroy Young said was on an issue that was not in dispute. Lois Jean Clay and Leroy Young had already testified that they saw the appellant shoot Arie Lou Young. Their testimony was positive and unequivocal, and the identity of the killer had already been established at the time Officer Newman testified.
Officer Newman further testified that he and his partner, Harold Lindsey, were only two blocks away and arrived on the scene two or three minutes after receiving the radio call.
What Leroy Young said in the presence of Officer Newman could very well have been considered as part of the res gestae, because Young’s statements were spontaneously and emotionally made at the scene right after the shooting.
From the testimony, the jury could have believed that the appellant was not unconscious but merely drunk and, therefore, responsible for his unsteady and. unstable condition. This might have been why the jury recommended mercy and the court granted it.
We are of the opinion that the only assignment of error is without merit, and that the judgment and sentence of the trial court should be affirmed.
Judgment affirmed.
GILLESPIE, P. J., and JONES, BRADY and INZER, JJ., concur.